| | |
|---|---|
| Jeffrey D. Ganz | Hearing Date: August 20, 2013 |
| jganz@riemerlaw.com | Hearing Time: 2:00 p.m. |
| Steven E. Fox | |
| sfox@riemerlaw.com | |
| RIEMER & BRAUNSTEIN, LLP | |
| Seven Times Square | |
| New York, New York 10036 | |
| 212-789-3100 | |
| *ATTORNEYS FOR NOMAD MEZZ LENDING, LLC* | |

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------- x

In re:                                                                    Chapter 11

Direct Realty, LLC,                                                Case No. 12-11483

      Debtor.

-------------------------------------------------

### NOMAD MEZZ LENDING LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

      Nomad Mezz Lending, LLC ("Nomad"), a judgment creditor of Benzion Suky, the sole member and 100% equity interest holder of Direct Realty, LLC (the "Debtor"), moves this Honorable Court for relief from the automatic stay, pursuant to 11 U.S.C. §§ 362(d), Fed.R.Bank.P. 4001 and 9014 and Local Rule 4001, to allow Nomad to pursue its post-judgment, state court remedies against Mr. Suky which could include seeking a lien, garnishment or any other remedy against funds which are due or may become due from the Debtor to Mr. Suky. In order to do so, Nomad may be required to name the Debtor as a party and/or cause process to be served against the Debtor. These actions would not, however, represent an act to pursue or enforce a claim against the Debtor, but would instead simply be intended to perfect Nomad's interest in Mr. Suky's interest in the Debtor. In support of this request for relief, Nomad makes the following statements:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested is found in sections 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

## BACKGROUND

3. On April 10, 2012, the Debtor filed a petition under Chapter 11 of 11 U.S.C. 1101 et seq. and has at all times acted as a debtor in possession.

4. The Debtor owns two adjacent buildings consisting of residential and commercial units located at 334-336 West 46th Street, New York, New York (the "Property").

5. At all times, Mr. Suky has been and continues to be the sole member and holder of 100% of the equity interest in the Debtor.

6. Nomad is a creditor of Mr. Suky pursuant a Judgment in the amount of $6,406,199.08, with interest thereon, entered with the Clerk of New York County, Supreme Court, State of New York in favor of Nomad and against Mr. Suky (the "Judgment"). A true and accurate copy of the Judgment is attached to the Affirmation of Counsel submitted herewith.

7. The basis of the judgment is an absolute and unconditional guaranty dated August 29, 2008 executed by Mr. Suky and Joseph Ben Moha for payment of certain obligations of Madison Hotel Owners, LLC to Nomad (the "Guaranty"). Madison Hotel Owners, LLC is the 100% owner of Madison Hotel, LLC which owned and operated a boutique hotel located at 62 Madison Avenue, New York, NY, the "MAve Hotel." Both Madison Hotel Owners, LLC and

2

Madison Hotel, LLC are debtors in bankruptcy proceedings pending before this Court, No. 2011-12334 and No. 2011-12560, respectively.  The Second Modified Third Amended Plan of Reorganization for Madison Hotel, LLC was confirmed on May 8, 2013 and permits marketing and sale of the MAve Hotel, which is in process.  However, Nomad's claim against Madison Hotel Owners, LLC is unlikely to be satisfied by the sale.

8. On April 29, 2013, the Debtor filed its Third Amended Disclosure Statement (the "Disclosure Statement") and Third Amended Plan of Reorganization (the "Plan").

9. The Disclosure Statement was approved by the Court on May 2, 2013 and the hearing on plan confirmation is currently scheduled for August 20, 2013.

10. Pursuant to the Plan, the Debtor intends to market and sell the Property, distributing the proceeds to its creditors as set forth in the Plan.

11. Class 7 under the Plan is denominated as a class of Equity Interests, which class is to receive a distribution after the payment of administrative claims and claims of all of the other classes.  As noted above, Mr. Suky is the sole holder of the Debtor's equity interests, and therefore is the sole individual entitled to receive a distribution under the Plan in Class 7.

12. Nomad, as a judgment creditor of Mr. Suky, has a state law right to seek to reach the funds due or to become due to Mr. Suky from the Debtor in satisfaction of Nomad's judgment against Mr. Suky.

## BASIS FOR RELIEF

**A. Under New York Law, Nomad Has the Right to Reach Mr. Suky's Interest in the Debtor and Mr. Suky's Distributions From the Debtor in Satisfaction of the Judgment**

13. Nomad does not seek to reach any assets of the Debtor.  Nomad does, however, seek to reach funds due or to become due from the Debtor to Mr. Suky by virtue of Mr. Suky's 100% ownership interest in the Debtor.  In order to do so, Nomad may need to serve the Debtor

with process, obtain an injunction against it from transferring any proceeds to Mr. Suky, or such other relief as to perfect/protect Nomad's rights against Mr. Suky.

14. Pursuant to New York Limited Liability Company Law Article 607(a), a judgment creditor may charge a judgment debtor's membership interest in a limited liability company with payment of a judgment, entitling the creditor to the member's distributions from the limited liability company. More specifically, Article 607 provides:

> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the membership interest of the member with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the membership interest.

15. In order to charge Mr. Suky's membership interest in the Debtor, Nomad must commence a proceeding, naming Mr. Suky and the Debtor, and seek a charging order from the state court, *inter alia*, requiring that the distributions from the Debtor be paid to Nomad. *See e.g. Baker v. Dorfman, PLLC*, 200 WL 1010285 at * 7 (S.D.N.Y. 2000); *Hirtenstein v. Largotta*, 2011 WL 3563811 (Supreme Court NY County).

16. In addition, under New York Civil Practice Law & Rules Article 5200 et seq., a judgment creditor is charged with numerous rights and remedies, including to reach, to seize and/or to garnish a debtor's present and future rights to property in the hands of a third party. CPLR 5201(b)(c). Thus, Nomad may reach, under CPLR 5200 et seq., Mr. Suky's present and future rights to assets in the hands of the Debtor.

17. Since the Debtor's Plan contemplates a distribution to Mr. Suky (in his capacity as the sole holder of the Class 7 Equity Interests), Nomad intends to pursue its state law rights and remedies against Mr. Suky in order to reach this distribution and apply it in satisfaction of Mr. Suky's debt to Nomad. In order to do so, Nomad must name the Debtor as a party to a proceeding and/or obtain and serve the Debtor with a lien, garnishment, process or other notice

4

and/or an order that the Debtor is to pay monies due to Mr. Suky to Nomad. To reiterate, Nomad does not seek to take any action against the assets of the Debtor through this Motion, but rather only to reach Mr. Suky's distribution rights as a Class 7 Equity Interest holder under the Plan.

### B.     Relief From Stay is Warranted to Permit Nomad to Exercise Its State Law Rights Against Mr. Suky

18.     11 U.S.C. §362(a)(3)-(4) provides that the filing of a petition for relief under the Bankruptcy Code operates as a stay against, *inter alia*, "any act to obtain…property from the estate…" and "any act to create, perfect or enforce any lien against property of the estate."

19.     Section 362(d)(1) of the Bankruptcy Code provides that "the court shall grant relief from the [automatic] stay . . . , such as by terminating, annulling, modifying, or conditioning such stay[,] for cause . . . ."

20.     To the extent Nomad's post-judgment rights against Mr. Suky require it to seek to serve process, have injunctions issued, obtain property from the estate or to seek a lien against assets in the hands of the Debtor which are or to become due to Mr. Suky, Nomad seeks relief from stay to allow it to do so. To be clear, Nomad does not seek to take any action against the assets of the Debtor through this Motion.

21.     As a consequence, cause exists to grant Nomad relief from the automatic stay to pursue its claims against Mr. Suky including establishing or perfecting its interest in any right he may have to a distribution from the Debtor. In this regard, the Debtor's estate has no interest in the determination of whether any distribution it pays under the Plan is paid to Mr. Suky or to Nomad, his judgment creditor.

22.     Nomad does not seek to alter, modify or interfere with the Debtor's plan to reorganize; instead, it merely seeks to prevent the transfer to Mr. Suky of distributions from the Debtor that are available to Nomad under applicable New York law, and thereupon to apply any

5

such distribution(s) towards the satisfaction of Mr. Suky's indebtedness to Nomad.  As such, cause exists to grant Nomad relief from stay.

WHEREFORE, Nomad Mezz Lending, LLC, respectfully request this court to enter an order:

1. Granting Nomad Mezz Lending, LLC relief from the automatic stay to pursue all of its state law rights and remedies against Mr. Suky with regard to his interest in the Debtor, including but not limited to establishing or perfecting a lien against that interest by serving process, obtaining an injunction, or seeking such other relief as may be needed against the Debtor;

2. Waiving the ten (10) day stay provided under Bankruptcy Rule 4001(a)(3); and

3. For such other and further relief as this court deems just and proper.

> Respectfully submitted,
>
> RIEMER & BRAUNSTEIN LLP
>
> By: */s/ Jeffrey D. Ganz*
>     Jeffrey D. Ganz
>     Steven E. Fox
>     Times Square Tower
>     Seven Times Square, Suite 206
>     New York, New York 10036
>     *Attorneys for Nomad Mezz Lending LLC*

DATED:  July 11, 2013

1576498.3